UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY WHALEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:16cv341HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's motion to Vacate, Set Aside or Correct Sentence [Doc. #1] pursuant to 28 U.S.C. § 2255, wherein he asserts *Johnson v. United States,* 135 S. Ct. 2551 (2015) is applicable in his challenge of his sentence as an Armed Career Criminal. The United States of America has responded to the motion and oral argument was heard by the Court. For the reasons set forth below the Motion will be denied.

## Facts and Background

Petitioner entered a plea of guilty to the offenses of Felon in Possession Of Firearm on October 23, 2006 in violation of 18 U.S.C.§ 922(g)(1), Felon in Possession of a Firearm on December 10, 2006 in violation of 18 U.S.C.§ 922(g)(1), and Witness Tampering, in violation of 18 U.S.C. § 1512(a)(2)(A). A

Presentence Investigation Report was prepared and provided to the Court. Petitioner appeared for sentencing. Petitioner was found to be an armed career criminal under 18 U.S.C. § 94(e) based upon having prior convictions for Unlawful Use of a Weapon-Exhibiting, Cause number 97 CR-1039; Knowingly Burning or Exploding, Cause number 97CR-1039; Attempted Robbery Second Degree, Cause number 22981-03876.

## Petitioner's Claim

Petitioner claims that he is entitled to relief under the Supreme Court's decision in *Johnson v. United States*, 130 S. Ct. 1265 (2010). His suggestion is that *Johnson* should be applied to his case to reduce his sentence, because his conviction for Attempted Robbery Second Degree should not have been used to bring him into Armed Career Criminal status.

## Discussion

In *Johnson v. United States*, 130 S. Ct. 1265 (2010), the Supreme Court did not hold its decision as retroactively applicable to cases on collateral review. Petitioner's habeas action is one of collateral review. In addition, considering the date on which *Johnson* 2010 was rendered in relation to when Petitioner filed this habeas claim, one year has expired and he is barred in pursuing any claim. 28 U.S.C. § 2255(f).

Though this Court is compelled to cease discussion in light of the forgoing, it must be noted that Justice Scalia, in delivering his opinion for the Supreme Court, and after a compelling discussion of the meaning of "violent" and physical force," it was concluded in the context of the statutory definition of "violent felony," that "the phrase 'physical force' means *violent* force – that is, force capable of causing physical pain or injury to another person." *Id.* at 140. Under the ACCA, a violent felony must have "as an element the use, attempted use, or *threatened* use of physical force against the person of another" (emphasis added).

Robbery in the Second Degree under Mo. Rev. Stat. § 569.030 requires proof of the "use or threatened use of force." In addition, "use or threatened use of force" is inherent in the "forcibly steals" element of second degree robbery under Missouri law. *United States v. Hennecke*, 590 F.3d 619, 622 (8th Cir. 2010) (citing *Patterson*, 110 S.W.3d at 901).

So, even if Petitioner were not time barred and/or could proceed under a collateral review theory, his words, like the lyric from the rock group Kansas, would only be "dust in the wind."

## Conclusion

Based upon the foregoing analysis, Petitioner has failed to establish he is entitled to a hearing and has failed to present any basis upon which the Court may grant relief.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DENIED** in all respects.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 24th day of April, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE